**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Case No.:  1:17-cv-05986-RRM-LB

XIAOYAN LIU, individually and on behalf all other
employees similarly situated,

               Plaintiff,

    - against -                    **ANSWER**

H & J INTERNATIONAL TRADING, INC. d/b/a
DUMPLING GALAXY, HELEN YOU, and
HAIYUN KATZ

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Defendants, H & J INTERNATIONAL TRADING, INC. d/b/a DUMPLING GALAXY, HELEN YOU, and HAIYUN KATZ (hereinafter referred to collectively as "**Defendants**") by and through their attorney, David Yan, Esquire, as and for their Answer to the Plaintiff's Complaint ("Complaint"), allege as follows:

## AS TO INTRODUCTION

      1.     Deny each and every allegation contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      2.     Deny each and every allegation contained in Paragraph 2 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the FLSA and NYLL.

      3.     Deny each and every allegation contained in Paragraph 3 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the FLSA.

      4.     Deny each and every allegation contained in Paragraph 4 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the NYLL and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR").

**AS TO JURISDICTION AND VENUE**

5.  Neither admit nor deny the legal assertions and conclusions contained in paragraph 5 of the Complaint, except admit that Plaintiff purports to base jurisdiction and supplemental jurisdiction on the statutes cited therein.

6.  Neither admit nor deny the legal assertions and conclusions contained in paragraph 6 of the Complaint, except admit that Plaintiff purports to base venue on the statutes and reasons cited therein.

**AS TO PLAINTIFF**

7.  Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, except admit that corporate defendant was doing business at the address alleged.

**AS TO CORPORATE DEFENDANT**

8.  Admit.

9.  Deny each and every allegation contained in Paragraph 9 of the Complaint, except admit that the corporate defendant employed more than 2 employees.

10. Neither admit nor deny the legal assertions and conclusions contained in paragraph 18 of the Complaint, leaving all questions of law for the Court.

11. Admit.

12. Admit.

**AS TO INDIVIDUAL DEFENDANTS**

13. Deny each and every allegation contained in Paragraph 13 of the Complaint, except admit that Helen You is the owner.

14. Deny each and every allegation contained in Paragraph 14 of the Complaint, except admit that Helen You owns the stock.

15. Deny each and every allegation contained in Paragraph 15 of the Complaint, except admit that Haiyun Katz is the owner.

16. Deny each and every allegation contained in Paragraph 16 of the Complaint, except admit that Haiyun Katz owns the stock.

17. Neither admit nor deny the legal assertions and conclusions contained in paragraph 18 of the Complaint, leaving all questions of law for the Court.

18. Deny each and every allegation contained in Paragraph 18 of the Complaint throughout the relevant statutory time period.

19. Deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Neither admit nor deny the legal assertions and conclusions contained in paragraph 20 of the Complaint, leaving all questions of law for the Court.

## AS TO STATEMENT OF FACTS

21. Deny each and every allegation contained in Paragraph 21 of the Complaint.

22. Deny each and every allegation contained in Paragraph 22 of the Complaint.

**As to Plaintiff Xiaoyan Liu**

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

## AS TO COLLECTIVE ACTION ALLEGATIONS

35. Deny.

36. Deny.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the FLSA and NYLL.

38. Deny.

39. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint.

40. Deny each and every allegation contained in Paragraph 40 of the Complaint. Neither admit nor deny the legal assertions and conclusions contained in paragraph 20 of the Complaint, leaving all questions of law for the Court.

41. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint. Neither admit nor deny the legal assertions and conclusions contained in paragraph 41 of the Complaint, leaving all questions of law for the Court.

42. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42.a, b, c, d, e, and f. of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Deny.

## AS TO STATEMENT OF CLAIM

### COUNT I

**[violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

45. Repeat and reallege and incorporate by reference each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

46. Neither admit nor deny the legal assertions and conclusions contained in paragraph 46 of the Complaint, leaving all questions of law for the Court.

47. Neither admit nor deny the legal assertions and conclusions contained in paragraph 47 of the Complaint, leaving all questions of law for the Court.

48. Deny each and every allegation contained in Paragraph 48 of the Complaint, leaving all questions of law for the Court.

49. Deny each and every allegation contained in Paragraph 49 of the Complaint, leaving all questions of law for the Court.

50. Neither admit nor deny the legal assertions and conclusions contained in paragraph 50 of the Complaint, leaving all questions of law for the Court.

51. Deny each and every allegation contained in Paragraph 51 of the Complaint, leaving all questions of law for the Court.

52. Deny each and every allegation contained in Paragraph 52 of the Complaint, leaving all questions of law for the Court.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

53. Repeat and reallege and incorporate by reference each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

54. Neither admit nor deny the legal assertions and conclusions contained in paragraph 54 of the Complaint, leaving all questions of law for the Court.

55. Deny each and every allegation contained in Paragraph 55 of the Complaint, leaving all questions of law for the Court.

56. Deny.

## COUNT III
### [Violation of New York Labor Law—Spread of Hour Pay]

57. Repeat and reallege and incorporate by reference each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

58. Neither admit nor deny the legal assertions and conclusions contained in paragraph 58 of the Complaint, leaving all questions of law for the Court.

59. Deny.

## COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

60. Repeat and reallege and incorporate by reference each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

61. Deny.

62. Deny each and every allegation contained in Paragraph 62 of the Complaint, leaving all questions of law for the Court.

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

63. Repeat and reallege and incorporate by reference each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

64. Neither admit nor deny the legal assertions and conclusions contained in paragraph 64 of the Complaint, leaving all questions of law for the Court.

65. Deny each and every allegation contained in Paragraph 65 of the Complaint, leaving all questions of law for the Court.

66. Deny each and every allegation contained in Paragraph 66 of the Complaint, leaving all questions of law to the Court.

## AFFIRMATIVE DEFENSE

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

67. The Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

68. The Plaintiff's claims are barred in whole or in part because, at all times relevant hereto, Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, local laws, rules, regulations or guidelines.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

69. The Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

70. Each and every action taken by Defendants with respect to Plaintiff was justified by business necessity.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

71. The Plaintiff's claims are barred by the doctrine of laches, unclean hands, waiver, estoppel, and/or ratification.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

72. The Plaintiff's claims are barred in whole or in part because Defendants' actions at all times were motivated by legitimate business reasons.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

73. The Plaintiff's claims are barred in whole or in part because payment of any amount due has been made.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

74. The Plaintiff's claims are barred in whole or in part because Plaintiff enjoyed *bona fide* meal periods, which periods are not work time for the purposes of calculating overtime.

## AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

75. The Plaintiff's claims are barred in whole or in part because they have failed to satisfy the applicable statutory prerequisites for their purported claims.

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

76. Plaintiff has failed to establish that any alleged violation was willful and failed to show that the defendants had actual or constructive knowledge of overtime worked or wage payments in violation of the law.

**AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE**

77. The Plaintiff's claims for damages are barred in whole or in part because the Plaintiff has failed to make good faith and diligent efforts to mitigate his purported damages, if any.

**AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE**

78. Plaintiff has failed to state a claim for punitive damages.

**AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE**

79. Plaintiff has failed to state a claim for prejudgment interest.

**AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE**

80. Plaintiff has failed to state a claim for liquidated damages.

**AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE**

81. The relief sought by Plaintiff is barred, in whole or in part, because, at all relevant times, Defendants acted in good faith with respect to Plaintiff and had reasonable grounds to believe that the acts or omissions alleged did not violate any applicable law.

**AS AND FOR THE SIXTEENTH AFFIRMATIVE DEFENSE**

82. The relief sought by Plaintiff is barred, in whole or in part, by the fact that he was paid all compensation and benefits to which he was lawfully entitled and to which he voluntarily agreed and expected.

**AS AND FOR THE SEVENTEENTH AFFIRMATIVE DEFENSE**

83. Plaintiff has failed to state a claim because any alleged deductions were authorized by the employees and were for the benefit of the employees.

**AS AND FOR THE EIGHTEENTH AFFIRMATIVE DEFENSE**

84. Some or all of the Plaintiff's claims are or may be subject to the *de minimus* rule because they involve insignificant amounts of overtime.

**AS AND FOR THE NINETEENTH AFFIRMATIVE DEFENSE**

85. Defendant is entitled to an offset in connection with all hours paid but which were not actually worked.

**AS AND FOR THE TWENTIETH AFFIRMATIVE DEFENSE**

86. The Plaintiff's claims are barred as to all hours that he was waiting to be engaged or otherwise not working.

**AS AND FOR THE TWENTY-FIRST AFFIRMATIVE DEFENSE**

87. Plaintiff is not entitled to attorney's fees and costs. To the extent that plaintiff is entitled to recover attorney's fees and costs, they are limited to reasonable and necessary fees incurred in connection with the recover of wages sought under the FLSA and New York Labor Law.

**AS AND FOR THE TWENTY-SECOND AFFIRMATIVE DEFENSE**

88. Defendant Helen You is not the employer of the plaintiff in the relevant period of time.

89. Defendant Haiyun Katz is not the employer of the plaintiff in the relevant period of time.

**AS AND FOR THE TWENTY-THIRD AFFIRMATIVE DEFENSE**

90. Defendants reserve the right to assert additional affirmative and other defenses as they become known during the course of discovery.

## JURY DEMAND

91. Pursuant to the FRCP 38(b), Defendants hereby demand the trial of the instant case by a jury.

**WHEREFORE,** answering Defendants respectfully request this Court:

(a) Enter judgment dismissing the complaint in its entirety with prejudice;

(b) Deny each and every prayer for relief set forth in the Complaint;

(c) Grant Defendants judgment the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees; and

(d) Grant Defendants for such other and further relief as this Court deems just, proper, and equitable.

Dated: Flushing, New York
February 12, 2018

Respectfully submitted,

**LAW OFFICES OF DAVID YAN**

By:  /s/ David Yan
David Yan, Esq. (DY2343)
Law Offices of David Yan
136-20 38th Avenue, Suite 11E
Flushing, New York 11354
Tel:  (718) 888-7788
Email:  davidyanlawoffice@gmail.com

*Attorney for Defendants*

To: JIAN HANG, ESQ.
**HANG & ASSOCIATEA, PLLC**
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel:  (718) 353-8588
Email: jhang@hanglaw.com

*Attorneys for Plaintiff*