UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Xiaoyan Liu, individually and on Behalf All Other
Employees Similarly Situated,

Case No.: 17-cv-05986

                       Plaintiff,

-against-

H & J International Trading, Inc. d/b/a Dumpling Galaxy,
Helen You, and Haiyun Katz,

                       Defendants.
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Xiaoyan Liu (hereinafter referred to as "Plaintiff" or "Releasor"), and H & J International Trading, Inc. (the "Company"), and each of their parent companies and any of their subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Helen You, and Haiyun Katz, jointly and severally (hereinafter collectively referred to as the "Settling Defendants" or "Releasees").

WHEREAS, on October 12, 2017, Plaintiff filed suit for damages titled *Liu v. H & J International Trading, Inc. et al.*, in the United States District Court for the Eastern District of New York, Civil Action No. 1:17-cv-05986-RRM-LB (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid minimum wage and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Settling Defendants have contested the claims set forth in this suit and deny any and all liability and deny any and all wrongdoing; and,

WHEREAS, the parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, Plaintiff and the Settling Defendants agree as follows:

**A.     Consideration**

1.     In exchange for the promises contained in this Agreement, the Settling Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Six Thousand and Five Hundred Dollars ($6,500.00) (the "Settlement Sum"), and which shall be paid as follows:

> **PAYMENT**: Within ten (10) days after the Court's approval of the Agreement pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199, 206 (2d Cir. 2015), and dismissing the Complaint with prejudice, the Settling Defendants shall issue one check in the amount of Six Thousand and Five Hundred Dollars ($6,500.00).

2.     Except for any sum payable to Plaintiff's counsel as attorneys' fees, Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the Settlement Sum set forth in Paragraph A(1) above.

3.     The settlement payment described in Paragraph A(1) shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between him and the Settling Defendants, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all

claims for damages, liquidated damages, statutory penalties, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Hang & Associates, PLLC, as attorneys," and shall be sent to Jian Hang of Hang & Associates, PLLC, 13620 38th Avenue, Suite 10G, Flushing, NY 11354, so as to be <u>received</u> no later than the dates described above.

**B.    Penalty for Late Payment/Default**

In the event that the Settling Defendants fails to make the settlement payments in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by mail and email to counsel for the Defendants: David Yan, Esq., Law Offices of David Yan, 136-20 38th Avenue, Suite 11E, Flushing, New York 11354, davidyanlawoffice@gmail.com. Settling Defendants will then have ten calendar (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $5,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Settling Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

**C.    Wage & Hour Release by Plaintiff:**

1.    In consideration of the promises, payments and actions of Settling Defendants set out in this Agreement and other good and valuable consideration, the receipt of

which is hereby acknowledged, Plaintiff, on behalf of himself and his agents, assigns, heirs, executors, administrators and representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Settling Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Settling Defendants and any other compensation or wages.

    2.  This release shall not affect or limit: (a) any non-wage and hour claims, (b) any claims that may arise after the date Plaintiff signs this Agreement, or (c) Plaintiff's right to enforce the terms of this Agreement.

  **D.**  <u>**Agreement To Refrain From Filing Claims**</u>

    Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Settling Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement.

  **E.**  <u>**Judicial Review/Dismissal of the Complaint**</u>

Contemporaneously with the execution of this Agreement, Plaintiff and Settling Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

F.  **Representations and Acknowledgements**

1. Plaintiff represents that she has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between her attorney and the attorneys for the Settling Defendants.

2. Plaintiff also represents that she voluntarily and knowingly enters into this Agreement of her own free will.

3. Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that her decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

G.  **Non-Admissions**

1. Plaintiff agrees that the Settling Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Settling Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Settling Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

H.  **Attorneys' Fees and Costs**

The parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this

6

Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

I. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

### J.     Additional Terms

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: ___Liu xiao yan___
Xiaoyan Liu

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

On the 12th day of Feb 2019, before me personally came Xiaoyan Liu to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this 12th
day of Feb 2019

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021

[Remainder of Page Intentionally Left Blank]

9

H & J International Trading, Inc.

By: _____Hai yn lout_____

_____Hai Yan Katz_____
[Print Name and Title]

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF _Queens_ )

On the _11_ day of _Feb 2019_, before me personally came _Hai Yan Katz_ to me known and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims on behalf of H & J International Trading, Inc., and duly acknowledged to me that he executed the same.

Sworn to before me this _11th_
day of _Feb 2019_

_____
Notary Public

DAVID YAN
Notary Public, State of New York
No. 02YA6085218
Qualified in New York County
Commission Expires December 23, 20_22_

11

By: *Helen You*
Helen You

STATE OF NEW YORK )
                  )ss.:
COUNTY OF Queens  )

On the 11 day of Feb 2019, before me personally came Helen You to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this 11th
day of Feb 2019

_____
Notary Public

DAVID YAN
Notary Public, State of New York
No. 02YA6085218
Qualified in New York County
Commission Expires December 23, 20 22

By: *Haiyun Katz*
Haiyun Katz

STATE OF NEW YORK )
                  )ss.:
COUNTY OF Queens  )

On the 11 day of Feb, 2019, before me personally came Haiyun Katz to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 11th
day of ~~July 2018~~ Feb 2019

_____
Notary Public

DAVID YAN
Notary Public, State of New York
No. 02YA6085218
Qualified in New York County
Commission Expires December 23, 20 22

10